UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 14-CV-61958-BLOOM/VALLE

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned
IP address 98.249.247.195,

    Defendant.
_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff Malibu Media, LLC ("Malibu Media") seeks leave to serve a subpoena on a third-party before the Rule 26(f) conference (ECF No. 4) (the "Motion"). Malibu Media has also requested a hearing on the Motion (ECF No. 6). For the reasons set forth below, the Court **GRANTS** Malibu Media leave to file the third-party subpoena subject to certain conditions detailed below, but **DENIES** Malibu Media's Motion for an Expedited Hearing (ECF No. 6).

Malibu Media is suing Defendant John Doe for copyright infringement, alleging that Defendant used BitTorrent to illegally copy and distribute several of Malibu Media's copyrighted films. *See* (ECF No. 1 at ¶¶ 1, 31-36). But Malibu Media knows Defendant only by his, her, or its IP address. Malibu Media seeks leave to serve a subpoena on Comcast Cable ("Comcast"), Defendant's internet service provider ("ISP"), asking Comcast to identify Defendant. *See* (ECF No. 4-1 at 3).

Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, a court may order that discovery be taken before this conference. Fed. R. Civ. P. 26(d)(1). Rule 26(b), in turn,

authorizes a court to "order discovery of any matter relevant to the subject matter involved in the action" when the court finds there is good cause to do so. Taken together, these rules permit a court, upon a finding of good cause, to issue an order allowing a party to serve a third-party subpoena before the Rule 26(f) conference. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 5-7 (D.D.C. 2008).

Presently, Malibu Media has established that "good cause" exists for it to serve a third-party subpoena on Comcast, the ISP listed on Exhibit A to the Complaint, to learn Defendant John Doe's identity. *See id.* The Court therefore **GRANTS** Malibu Media's Motion to serve a third-party subpoena (ECF No. 4) as follows:

(1) Malibu Media may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Malibu Media with the true name, address, telephone number, and e-mail address (collectively, "personal-identifying information") of the Defendant to whom Comcast assigned an IP address as set forth on Exhibit A to the Complaint. Malibu Media will attach to any such subpoena a copy of this Order.

(2) Malibu Media may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to Defendant. Malibu Media will attach to any such subpoena a copy of this Order.

(3) If Comcast or other ISP identified as specified in (2) above decides that it is going to disclose the requested personal-identifying information to Malibu Media, then Comcast or other ISP must: (a) notify the Defendant that it intends to disclose the requested personal-identifying information to Malibu Media; (b) send the Defendant a copy of the subpoena and this Order; and (c) inform the Defendant of

the date it plans to disclose the requested personal-identifying information to Malibu Media. Comcast or other ISP must do (a), (b), and (c) at least 28 days before it discloses the personal-identifying information to Malibu Media.

(4) If a subpoenaed ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] then under 47 U.S.C. § 551(c)(2)(B) the cable operator may disclose personal-identifying information because the disclosure would be "made pursuant to a court order authorizing such disclosure, [provided that] the subscriber is notified of such order by the person to whom the order is directed."

(5) A subpoenaed ISP will not require Malibu Media to pay a fee in advance of providing the subpoenaed information; nor will a subpoenaed ISP require Malibu Media to pay a fee for an IP address that is not controlled by the ISP. If necessary, the Court will resolve any disputes between the ISP and Malibu Media regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Malibu Media.

(6) Malibu Media may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Malibu Media's rights as set forth in its Complaint.

(7) If a subpoenaed ISP wishes to challenge the validity of the subpoena, that ISP must file a written opposition to the subpoena within 21 days of being served with the subpoena. If a subpoenaed ISP does challenge the subpoena, then Malibu Media must file any response to this challenge within 5 days.

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

(8)     If Defendant wishes to challenge the validity of the subpoena, then Defendant must file something with the Court at least 14 days before the subpoenaed ISP intends to disclose the personal-identifying information. If Defendant does challenge the subpoena, then Malibu Media must file any response to this challenge within 5 days.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on October 28, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Beth Bloom
All Counsel of Record